30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Wade STALLINGS, Petitioner-Appellant,
v.
Rodney J. AHITOW, Warden, Respondent-Appellee.
 No. 93-1804.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 1, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Wade Stallings, an Illinois state prisoner who was convicted after a bench trial of first degree murder and given a twenty-four year term of imprisonment, see People v. Stallings, 211 Ill.App.3d 1032, 570 N.E.2d 820 (1st Dist.1991), sought habeas corpus relief under 28 U.S.C. Sec. 2254, arguing that the evidence was insufficient as a matter of due process to support his conviction for murder. The district court denied relief, and this appeal followed.
 
 
 2
 We agree with the district court that a rational finder of fact could have found beyond a reasonable doubt that Stallings caused the death of the victim, and that the fingerprint lifted from the victim's stereo belonged to Stallings. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Wright v. West, 112 S.Ct. 2482, 2486 (1992); Brackett v. Peters, 11 F.3d 78, 80 (7th Cir.1993). We therefore affirm the decision of the district court for the reasons stated in the attached Memorandum Opinion and Order.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 
 4
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 5
 UNITED STATES OF AMERICA, ex rel WADE STALLINGS, Petitioner,
 
 
 6
 v.
 
 
 7
 RODNEY J. AHITOW, Respondent.
 
 
 8
 No. 92 C 5544.
 
 MEMORANDUM OPINION AND ORDER
 HOLDERMAN, District Judge:
 
 9
 Petitioner Wade Stallings ("Petitioner") brings this application for a writ of habeas corpus. In contesting his conviction for murder, petitioner maintains that the state failed to prove him guilty beyond a reasonable doubt, and failed to prove petitioner's act caused the decedent's death beyond a reasonable doubt. The petitioner's application for habeas relief is denied.
 
 BACKGROUND
 
 10
 Petitioner was arrested on January 6, 1987 for the June 11, 1979 murder of Constantine Karaparos. The elderly decedent was fatally beaten during a residential robbery. Petitioner was convicted of murder in a bench trial in the Circuit Court of Cook County on January 27, 1988, and received a twenty-four year sentence. Petitioner raised several issues on his direct appeal,[1] including those raised in this habeas petition. The appellate court of Illinois affirmed the lower court's decision on March 28, 1991. People v. Stallings, 211 Ill.App.3d 1032, 570 N.E.2d 820 (1st Dist.1991) (with Justice Johnson dissenting).
 
 
 11
 Petitioner's request for a rehearing was denied on May 6, 1991, and his petition for leave appeal to the Illinois Supreme Court was denied on October 2, 1991.
 
 
 12
 Petitioner's brief includes portions of the materials prepared by his counsel on direct appeal and relevant portions of the trial court transcript. The state, in addition to their briefs, includes the materials related to the direct appeals and a copy of the appellate decision.[2]
 
 
 13
 The petitioner challenges the two most significant items of evidence introduced against him in his trial, the partial fingerprint found on a stereo which was used to identify him, and the testimony of the medical expert which indicated the beating the decedent received was the cause of the death. The petitioner claims the state failed to prove he was guilty beyond a reasonable doubt because the fingerprint evidence was insufficient to link him to the crime. The petitioner also claims the state failed to prove beyond a reasonable doubt that the petitioner's act caused the decedent's death due to the inadequacy of the medical witness's review.
 
 ANALYSIS
 
 14
 The standard to be applied on habeas review in assessing the sufficiency of evidence for a criminal conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. U.S. ex rel Wandick v. Chrans, 869 F.2d 1084, 1089 (7th Cir.1989); Garlington v. O'Leary, 879 F.2d 277, 285 (7th Cir.1989). Factual findings of a state court are presumed to be correct, if the findings are made on the merits and fairly supported by the record. Lewis v. Huch, 964 F.2d 670, 671 (7th Cir.1992). This applies to factual findings of state appellate courts as well. Id.
 
 
 15
 In addition, a federal court has "no license to redetermine the credibility of a witness whose demeanor has been observed by the state trial court." U.S. ex rel Wandick, 869 F.2d at 1089. Further, the ability of the petitioner to fashion an innocent explanation does not alter the fact that a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could find petitioner guilty beyond a reasonable doubt. Garlington, 879 F.2d at 285.
 
 Fingerprint Issue
 
 16
 Petitioner first contends that the state did not prove him guilty beyond a reasonable doubt because the fingerprint evidence was insufficient to link him to the crime. Petitioner asserts there is inadequate evidence to indicate the fingerprint belonged to the defendant or that it was affixed at the time of the homicide. The petitioner raises the following specific challenges to the fingerprint evidence:
 
 
 17
 (a) the fingerprint expert stated that another expert could disagree with his conclusions, and the expert seemed to chart some inconsistencies in the prints;
 
 
 18
 (b) the fingerprint expert could not "age" the print (determine exactly when it was affixed);
 
 
 19
 (c) there was only one print found, a 60% partial print;
 
 
 20
 (d) finding one print is unlikely because if the perpetrator wore gloves, there would be no prints, and if he did not, there would be several prints;
 
 
 21
 (e) petitioner was a handyman in the neighborhood, so it is possible he touched the stereo while doing work in the decedent's home.
 
 
 22
 The petitioner's contentions are meritless. The Illinois Appellate Court, upon a review of the trial court record, concluded that the fingerprint expert established beyond a reasonable doubt that the print was left on the stereo by the petitioner. Stallings, 211 Ill.App.3d 1032, 570 N.E.2d 820, 824 (1991). While the fingerprint expert conceded that another expert might disagree, the appellate court concluded there was no support in the record for that assertion. Id.
 
 
 23
 Petitioner concedes that the fingerprint expert reviewed 19 points of comparison and charted ten of these points during testimony. A review of the portion of the trial transcript submitted by the petitioner shows the fingerprint expert did concede another expert might disagree, but the concession was not beyond what might be expected from any expert witness. Further, petitioner did not indicate any material in the record to support a contrary result.
 
 
 24
 The issue of when the fingerprint was affixed to the stereo was also challenged by the petitioner. However, while the petitioner claims he could have touched the stereo when working as a handyman in the neighborhood, he testified that he did not recall ever working the in the decedent's home. The appellate court found the petitioner's suggestion too speculative to create a reasonable doubt. Id. That petitioner can conjure up innocent explanations does not render a trial court's verdict as to the facts unsupportable on habeas review. See Garlington, 879 F.2d at 285.
 
 Medical Testimony
 
 25
 The petitioner also claims that the state has failed to prove that the petitioner's act caused the decedent's death beyond a reasonable doubt. In particular, petitioner claims that the state has not proved decedent died as a result of a beating received in a robbery. The petitioner raises several issues:
 
 
 26
 (1) the state's medical witness's evaluations changed during course of the proceeding;
 
 
 27
 (2) no micro-analysis of tissues was performed (which state's medical witness conceded could have conclusively indicated cause of death);
 
 
 28
 (3) state's medical witness had seen a police report before examining the decedent, biasing the physician into seeing the injuries as beating related;
 
 
 29
 (4) there was no evidence of relevant external trauma;
 
 
 30
 (5) petitioner's pathologist witness contradicted state's witness and indicated the death was due to natural causes.
 
 
 31
 The petitioner had also suggested that a second group of burglars may have broken into the apartment and inflicted the fatal beating.
 
 
 32
 The petitioner's arguments are unpersuasive. The appellate court concluded that the state's medical witness' opinion was supported by fact and reason and constituted a sufficient basis for the trial judge's conclusion that the victim died as a result of foul play. Stallings, 211 Ill.App.3d 1032, 570 N.E.2d 820 at 824.
 
 
 33
 The defendant apparently wishes this court to decide that whenever there is differing testimony between rival experts, or a scientific procedure that could have been helpful was not performed, there is automatically reasonable doubt. Such cannot be the rule.
 
 
 34
 The trial court clearly had the opportunity to view the conflicting medical experts' demeanor and their responses under cross-examination. It is not the place of the federal court to redetermine from a cold record the credibility of a witness that had been observed by the trial judge. U.S. ex rel Wandick, 869 F.2d at 1089.
 
 CONCLUSION
 
 35
 For the reasons stated above, the petitioner's application for habeas relief is DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 Other issues included the loss of tissue samples due to the extended time period between the killing and the arrest and other evidentiary matters
 
 
 [2]
 The state indicates that the trial court transcript has been ordered, but has not yet been located. The state indicates it will deliver the material, if this court so requires, as soon as the material is received